IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                              CRIMINAL ACTION NO. 3:09-00053-02

LISA DIANE BAILEY

### ORDER

Pending before the Court is the defendant's Motion to Amend Sentence. [Doc. No. 102]. For the reasons set forth below, the Court **FINDS** that it lacks authority to modify the defendant's sentence and accordingly **DENIES** the motion.

On May 26, 2009, the defendant pleaded guilty to Conspiracy to Distribute 5 grams or more of Cocaine Base, in violation of 21 U.S.C. § 846. The Court sentenced the defendant on September 8, 2009, to 36 months imprisonment with a recommendation that she be allowed to participate in the comprehensive drug treatment program. The defendant currently is serving her sentence at Alderson, West Virginia.

The defendant now seeks a reduction of her sentence because she was unable to participate in the comprehensive drug treatment program as she was removed from Alderson on three separate writs in order to testify in front of the Grand Jury. The defendant stated she fulfilled her obligations of testifying in the hopes of obtaining a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure for a reduction in sentence. The defendant states she has been informed that she will not receive a Rule 35 motion and she now cannot benefit from a reduction

in her sentence by participating in the comprehensive drug treatment program. Therefore, the defendant asks this Court to reduce her sentence by 18 months which would represent the credit she would have received if she was able to complete the comprehensive drug treatment program in a timely manner.

18 U.S.C. § 3582(c) governs the power of a district court to reduce a sentence. Section 3582(c) states in pertinent part:

> **Modification of an imposed term of imprisonment**.–The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, . . . after considering the factors set forth in section 3553(a) . . .
>
> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion by the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction

        is consistent with applicable statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c), in part. Section 3582(c)(1)(A) is inapplicable because the motion only can be brought by the Director of the Bureau of Prisons. Section 3582(c)(1)(B) likewise is inapplicable because the motion only can be brought by the Government. Finally, § 3528(c)(2) is inapplicable because the U.S. Sentencing Commission has not altered the applicable guidelines. Accordingly, the Court **FINDS** that it lacks authority to modify the defendant's sentence and **DENIES** the defendant's Motion to Amend Sentence.

        The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshal's Service.

        ENTER:    January 10, 2011

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE